UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID LIONEL FOWLER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:19-cv-03400-JPH-MJD |
| ESKENAZI BEHAVIORAL HEALTH, KATHRYN M. ESCHMANN MD, JENNA WARD LMHC, | ) | |
| Defendants. | ) | |

**SHOW CAUSE ORDER**

Mr. Fowler's complaint alleges that Defendants harmed him by willfully disclosing his personal medical information without a release. Dkt. 1 at 4. He seeks money damages. *Id.*

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte.*").

The Court does not appear to have jurisdiction over Mr. Fowler's claims. The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

1

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Mr. Fowler's complaint appears to allege diversity jurisdiction, but it admits that he and Defendants are Indiana citizens. Accordingly, the Court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332.

Nor can the Court discern any federal claims in the complaint. Mr. Fowler alleges violations of the Health Insurance Portability and Accountability Act ("HIPAA"), but "HIPAA is not actionable" because it "does not provide a private cause of action to the individual." *Staton v. Payne*, No. 1:07-cv-1643-LJM-DML, 2010 WL 1257476 at *1, *1 n.9 (S.D. Ind. Mar. 24, 2010); *see* 42 U.S.C. §§ 1320d–1320d-9. So the Court cannot exercise federal-question jurisdiction under 28 U.S.C. § 1331.

Mr. Fowler shall have **through September 16, 2019** to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. In doing so, he must clearly show (1) the federal law giving rise to his claims, (2) that the parties are of diverse citizenship, or (3) another basis for the Court's jurisdiction. If Mr. Fowler does

not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date: 8/16/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID LIONEL FOWLER
1033 E. Washington Street
Indianapolis, IN 46202